UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN BORDA,<br><br>      Plaintiff,<br><br>  v.<br><br>EXECUTIVE OFFICE FOR THE<br>UNITED STATES ATTORNEY,<br><br>      Defendant. | Civil Action No. 14-229-RDM |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion for summary judgment (Dkt. 10) and Plaintiff's motion for leave to amend (Dkt. 20). For the reasons stated herein, Defendant's motion is **DENIED** and Plaintiff's motion is **GRANTED**.

### I.  BACKGROUND

Plaintiff, who is a prisoner proceeding *pro se*, filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, in 2014. His initial complaint sought to compel the Executive Office for United States Attorneys ("EOUSA") to produce documents in response to three FOIA requests. Dkt. 1. The requests—dated, respectively, November 4, November 5, and November 20, 2013—all seek information related to grand jury proceedings in cases before this Court, such as the date the grand jury convened and the name of the judge who summoned the grand jury. *Id.* ¶¶ 6-11. Plaintiff's complaint alleged that he had not received responses to any of these requests.

On February 6, 2015, EOUSA filed the pending motion for summary judgment. The Court subsequently issued an order directing Plaintiff to respond to the summary judgment

motion by March 13, 2015 and advising him that failure to respond could result in the motion being "treated as conceded." Dkt. 11 (citing *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992)). On Plaintiff's motion, the Court subsequently extended the deadline to file his opposition to the summary judgment motion to May 18, 2015. April 17, 2015, Minute Order. Rather than oppose the summary judgment motion, Plaintiff submitted a proposed amended complaint on May 18, 2015. Because the Court concluded that Plaintiff was not, at that time, entitled to amend as of right, *see* Fed. R. Civ. P. 15(a)(1), it directed Plaintiff to submit a motion for leave to amend. May 21, 2015 Minute Order. Plaintiff filed such a motion well within the deadline imposed by the Court. *See* Dkt. 20. However, to date he has still not filed an opposition to EOUSA's motion for summary judgment. EOUSA has not filed an opposition to Plaintiff's motion for leave to amend.

## II.  LEGAL STANDARDS

The Freedom of Information Act is premised on the notion that an informed citizenry is "vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978). It embodies a "general philosophy of full agency disclosure." *United States Dep't of Defense v. FLRA,* 510 U.S. 487, 494 (1994). To promote government transparency, FOIA thus requires federal agencies to produce agency records to any person who requests them, unless the request is procedurally defective or the information requested falls within one of nine enumerated exemptions to the rule. 5 U.S.C. § 552(a)(3), (b).

FOIA cases are typically resolved on motions for summary judgment, which require that the moving party demonstrate that there are no genuine issues of material fact and he or she is entitled to judgment as a matter of law. *See Celotex Corp v. Catrett,* 477 U.S. 317, 325 (1986); *Beltranena v. U.S. Dep't of State,* 821 F. Supp. 2d 167, 175 (D.D.C.2011) (noting that FOIA

cases are "frequently decided" on motions for summary judgment). To meet its burden, the government must generally submit "relatively detailed and non-conclusory" affidavits or declarations establishing the adequacy of its search for responsive documents, *SafeCard Servs. Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991), and an index of the information, if any, withheld, *see Vaughn v. Rosen,* 484 F.2d 820, 827-28 (D.C. Cir. 1973); *Summers v. Dep't of Justice,* 140 F.3d 1077, 1080 (D.C. Cir. 1998) (explaining that to carry its burden, agency that declines to produce a requested document "must submit a *Vaughn* index to explain why it has withheld information"). Affidavits provided by an agency are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Safecard Servs.,* 926 F.2d at 1200 (quotation marks omitted). The standards used to evaluate FOIA claims on summary judgment also apply to suits under the Privacy Act. *See Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009).

Under Federal Rule of Civil Procedure 15, "the grant or denial of an opportunity to amend is within the discretion of the District Court," but "leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15).

### III.   DISCUSSION

**A.  Defendant's Motion for Summary Judgment**

Because Plaintiff has not filed an opposition to Defendant's motion for summary judgment, the Court may treat that motion as conceded. *See FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997); Local Civ. R. 7(b). Whether to do so is a matter for the Court's discretion. *Bender*, 127 F.2d at 67.

Here, there may be reasons to afford Plaintiff another opportunity to file an opposition to Defendant's motion. Had Plaintiff been entitled to amend his complaint as of right when he sought to, his amended complaint would have mooted the summary judgment motion, obviating the need to respond. *See Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 117 (D.D.C. 2014) ("[w]hen a plaintiff files an amended complaint as of right . . . the amended complaint becomes the operative pleading . . . and any pending motion to dismiss becomes moot") (citations omitted). And although this Court concluded that Plaintiff was not entitled to amend as of right pursuant to Rule 15(a)(1)(B) before a responsive pleading or Rule 12 motion had been filed, there is a split of authority on that issue. *Compare Villery v. District of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011) ("a party has an absolute right to amend its complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f)") *with Jenkins v. Kerry*, 928 F. Supp. 2d 122, 136 (D.D.C. 2013) ("because Plaintiff clearly amended her Complaint *before* the [defendants] filed and served upon Plaintiff their Rule 12(b) motion, she may not invoke Rule 15(a)(1)"). Plaintiff's apparent and reasonable belief that he was entitled to amendment as of right may constitute grounds for excusing Plaintiff's failure timely to file an opposition.

The Court need not decide whether Plaintiff deserves an additional opportunity to oppose EOUSA's motion for summary judgment, however, because even absent any opposition EOUSA's motion fails. In its motion and statement of material facts not in dispute, EOUSA describes its responses to two FOIA and Privacy Act requests filed by Plaintiff. One of those requests—which EOUSA states was submitted on November 29, 2013—is easily identifiable as the November 4, 2013 request Plaintiff describes in his complaint. *Compare* Dkt. 10-3 *with* Dkt. 1-2. To support its factual assertions regarding this request, EOUSA cites a "David Luczynski Declaration," but no such declaration was ever provided to the Court. The facts asserted in the

separate statement, even if treated as conceded, show only that EOUSA received Plaintiff's November 4, 2013, FOIA and Privacy Act request and subsequently notified Plaintiff that "a search . . . had revealed no responsive records." Dkt. 10-1 ¶¶ 1-3.  This is plainly insufficient to meet the government's burden on summary judgment to establish that it conducted an adequate search for Plaintiff's records.  *See SafeCard Servs.*, 926 F.2d at 1201 (government's burden to show that search "was reasonably calculated to discover the requested documents").

Almost two months after EOUSA filed its summary judgment motion, it filed an errata attaching the declaration of Karin Kelly, which is also cited in EOUSA's summary judgment motion.  Kelly is a "Paralegal Specialist[ ] and FOIA Coordinator" in the United States Attorney's Office for the District of Columbia.  Dkt. 15-1 ¶ 1.  The declaration states that EOUSA "uploaded Mr. Borda's [November 4, 2015] request" to a system EOUSA uses to forward FOIA requests to individual United States Attorney's Offices on October 17, 2014; that Kelly searched two computer systems for information regarding the case identified in the request; and that the searches yielded no results.  *Id.* ¶¶ 15-18.  Kelly further explains that the case docket revealed that "the agency representing the United States of America was the Criminal Division of the Department of Justice, not the" United States Attorney's Office for the District of Columbia.  *Id.* ¶ 8.  The Kelly Declaration merely concludes that "no records for Mr. Borda exist in" the D.C. United States Attorney's Office.  *Id.* ¶ 13.

Accordingly, without an additional declaration demonstrating that a search was conducted of records maintained by the Criminal Division, there is no evidentiary basis for the Court to conclude that EOUSA has searched "all files likely to contain responsive materials." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (1990); *see* 28 C.F.R. § 16.4(c) ("Where a component's FOIA office determines that a request was misdirected within the Department [of Justice], the reviewing component's FOIA office shall route the request to the FOIA office of the

proper component(s).")  Because the EOUSA's evidence—even taken as undisputed—does not establish that it conducted a search that was reasonably calculated to discover the documents Plaintiff requested in his November 4, 2015, request, EOUSA is not entitled to summary judgment as to that request.

The other request described by the government is an October 7, 2014, request for documents relating to a criminal case. Dkt. 10-1 ¶¶ 4-6. This request, however, is never mentioned in Plaintiff's complaint. Any showing that EOUSA has complied with this request is obviously insufficient to support summary judgment as to the requests actually at issue in this litigation.

For these reasons, EOUSA's motion for summary judgment will be denied.

### B. Plaintiff's Motion for Leave to Amend

Although the Court previously concluded that Plaintiff was not entitled to amendment as a matter of right when he submitted his amended complaint, he has now filed a motion for leave to amend. EOUSA has not opposed the motion, and the Court concludes that leave to amend is warranted at this time. *See Foman*, 371 U.S. at 182. Plaintiff's motion will be granted.

### IV. CONCLUSION AND ORDER

For the reasons stated herein, it is hereby **ORDERED** that Defendant's motion for summary judgment is **DENIED**. It is further

**ORDERED** that Plaintiff's motion for leave to amend the complaint is **GRANTED**. Plaintiff's amended complaint shall be **FILED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 28, 2015