UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN BORDA, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 14-0229 (JDB) <br> ) |
| EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS. | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

### DECLARATION OF JOHN E. CUNNINGHAM III

I, John E. Cunningham III, declare the following to be a true and correct statement of facts:

1. I am a Trial Attorney in the United States Department of Justice ("DOJ"), Criminal Division (the "Criminal Division"), and am currently assigned to the Freedom of Information Act (FOIA) and Privacy Act (PA) Unit, a component of the Office of Enforcement Operations (OEO), where I have worked since November 7, 2011. I have been employed as a Trial Attorney with DOJ since October 1998. From October 13, 1998 to November 7, 2011, I was employed by the Fraud Section of the Criminal Division.

2. Among other things, I am responsible for providing litigation support and assistance to Assistant United States Attorneys who represent DOJ in lawsuits filed in Federal court under the FOIA, 5 U.S.C. § 552, and PA, 5 U.S.C. § 552a, stemming from requests for Criminal Division records. My duties include reviewing and processing files compiled by Criminal Division in response to FOIA/PA requests to determine whether searches for records

were properly conducted and decisions to withhold or release Criminal Division records were made in accordance with the FOIA and PA, as well as DOJ regulations at 28 C.F.R. §§ 16.1 *et seq.* If searches are incomplete and/or records have not been processed, I ensure that searches are completed. Then, I either process or oversee the processing of responsive records by FOIA/PA Unit staff members. I regularly consult with the Chief, Deputy Chief and Associate Chief of the FOIA/PA Unit, and other members of the unit about the Criminal Division's processing of requests.

3. I make the statements herein on the basis of personal knowledge, as well as on information I acquired in the course of performing my official duties in the FOIA/PA Unit.

## Procedural Summary of the Case

4. On February 18, 2014, Christian Borda, the named Plaintiff to this litigation, filed his civil complaint in the United States District Court for the District of Columbia. Pl. Cmp. (ECF 1). In his complaint, Plaintiff represented that he had sent three separate FOIA/PA requests to the Executive Office for United States Attorneys ("EOUSA"), dated November 4, 2013, November 5, 2013 and November 20, 2013. *Id.* at ¶¶ 6, 9, 11.

5. The first request, sought the following records from Plaintiff's case file captioned as United States v. Christian Borda, *et. al.*, CR-07-065 (GK), and filed in the United States District Court for the District of Columbia: "(1) disclosure of the dates that the Grand Jury convened, (2) the name of the judge who summoned the [G]rand [J]ury, (3) the date the [Grand Jury] indictment was returned, (4) the date [the Grand Jury] was discharged, (5) the starting and ending date of the [G]rand [J]ury's term, (6) a copy of the contractual cooperation agreements between the government and government witnesses related to the above case file, (7) the Plaintiff's arrest warrant, and (8) the Plaintiff's return warrant." *Id.* at ¶ 8.

6. The second request, sought the following documents from Plaintiff's case file United States v. Christian Borda, et. al., CR-07-065(GK): "(1) diclosure of the dates, and times of session the Grand Jury convened, (2) whether it [the Grand Jury] was summoned pursuant to Fed. R. Crim. P. 6(a), or 18 U.S.C. § 1331, and certified letter requesting the Special Grand Jury, (3) the caption of the [Grand Jury] indictment, and (4) an unredacted copy of the original [Grand Jury] indictment." Id. at ¶ 9.

7. The third request, sought disclosure of the following information from Plaintiff's Case No. 10-243[1] filed in the United States District Court for the District of Columbia: "(1) disclosure of the dates that the Grand Jury convened, (2) the name of the judge who summoned the Grand Jury, (3) the date the indictment was returned, (4) the date it [the Grand Jury] was discharged, and (5) the starting and ending date of the Grand Jury's term." Id. at ¶ 11.

8. On February 6, 2015, defendant EOUSA filed a motion for summary judgment. Def. Mtn. Sum. Jgm., [ECF 10]. In their Statement of Material Facts Not in Dispute, EOUSA represented that on January 15, 2015, a letter was sent to the Plaintiff informing him that a search for records revealed no responsive records. Id., at ¶ 6. Further, attached to defendant EOUSA's Motion for Summary Judgment is a fourth FOIA request made by Plaintiff and dated September 27, 2014. [ECF 10-6]. In the fourth request, Plaintiff sought the following documents from his case file United States v. Christian Borda, et. al., CR-07-065(GK): "(1) All records, notes, letter, E-mails and reports case file, (2) Investigations from any government, country or agent, (3) Plea offers and all communication between attorney and government." In addition, Plaintiff further requested that EOUSA "[s]pecifically inform [Plaintiff] if any files exist, who they originated from

---

[1] The PACER Case Locater was searched for information regarding Case No. 10-243. There does not appear to be either a criminal or civil case captioned 10-243 filed in the District of Columbia involving Plaintiff.

and any persons/agencies they may have been released to. What material, if any, has been released and the person or department that releases the informatio[n] to any requesting agencies [citations omitted]." [ECF 10-6].

9. On April 2, 2015, EOUSA filed an *Errata* notice to correct an error in their motion for summary judgment. In their *Errata* notice, EOUSA informed the District Court that it had inadvertently failed to include the Declaration of Karin Kelly as Exhibit 2. Def. Err. [ECF 15]. In her declaration, Ms. Kelly, a Paralegal Specialist and FOIA Coordinator in the Civil Division of the United States Attorney's Office for the District of Columbia declared that the agency representing the United States of America at trial in connection with United States v. Christian Borda, *et. al.*, CR-07-065 (GK), was the Criminal Division of the United States Department of Justice, and not defendant EOUSA. *Id.* at Exh. 2 at ¶ 8.

10. On June 5, 2015, Plaintiff filed a motion for leave to amend/supplement complaint. Pl. Mot. Lv. Amd. Comp. [ECF 20]. *Id.* at p. 7.

11. On August 28, 2015, the District Court entered its memorandum opinion and order denying EOUSA's motion for summary judgment, and granting Plaintiff's motion for leave to amend/supplement complaint. Mem. Op. [ECF 21]. Citing Kelly's declaration, the District Court noted that the Criminal Division of the Department of Justice was the agency responsible for prosecuting United States v. Christian Borda, *et. al.*, CR-07-065(GK), and therefore, without an additional declaration demonstrating that a search had been conducted of records maintained by the Criminal Division, there was no evidentiary basis for the Court to conclude that EOUSA had searched "all files likely to contain responsive materials." *Id.* at p. 5.

12. On August 28, 2015, the Plaintiff filed his amended complaint. Pl. Amd. Cmp. [ECF 22]. In this complaint included the same three requests as his first complaint and also

included an additional request that he filed on March 24, 2015[2] which sought:"(1) The date the [G]rand [J]ury was empaneled, (2) The date [the Grand Jury] was extended, (3) The [name of the judge] who supervised the [G]rand [J]ury, (4) The day [the Grand Jury] convened, (5) The expiration [of the Grand Jury's] term, (6) The day the [Grand Jury] indictment was returned, (7) The statute under which the [Grand] [J]ury was summoned, (8) The judge['s] order to draw the [G]rand [J]ury, (9) [The] [G]rand [J]ury cover sheet indicat[ing] the date the testimony was given, [and] (10) All [G]rand [J]ury records in the public domain that are ministerial, or do not affect secrecy." *Id.* at p. 41.

### The Search for Responsive Records

13      The FOIA/PA Unit construed Plaintiff's multiple FOIA requests as seeking substantially similar records and information and records and therefore, on October 6, 2015, the Criminal Division emailed a FOIA search request to the Narcotics and Dangerous Drugs Section ("NDDS") of the United States Department of Justice. U.S. Department of Justice Trial Attorneys employed by NDDS were responsible for the criminal prosecution of United States v. Christian Borda, *et. al.*, CR-07-065(GK) and therefore, NDDS was the particular section within the Criminal Division likely to maintain responsive records. Specifically, in connection with Plaintiff's criminal case and prosecution, NDDS was asked to physically conduct a search of their archives for the following documents and records: (1) disclosure of the dates that the Grand Jury convened, (2) the name of the judge who summoned the Grand Jury,[3] (3) the date the Grand

---

[2] In his complaint Plaintiff claims that this request was filed on February 28, 2015, however the request which Plaintiff included at Exhibit D of the complaint is dated March 24, 2015. *Id.* at ¶ 13, Exhibit D.

[3] A search of NDDS Criminal Division records failed to locate this information.

Jury indictment was returned, (4) the date the Grand Jury was discharged,[4] (5) the starting and ending date of the Grand Jury's term,[5] (6) a copy of the contractual cooperation agreements between the government and government witnesses related to the Plaintiff's case file, (7) the Plaintiff's arrest warrant, and (8) the Plaintiff's return warrant. Shortly after receiving the search request, NDDS personnel notified the FOIA/PA Unit that approximately 70 boxes of records were located in their archives which related to United States v. Christian Borda, et. al., CR-07-065(GK). NDDS personnel familiar with this ligation searched for and reviewed the archived records for any responsive materials.

    14.    On October 23, 2015, the FOIA/PA Unit sent Plaintiff a letter stating that the Criminal Division had located responsive documents related to his FOIA requests. Attached to the letter, Plaintiff was given a copy of his "Indictment" filed in open court on March 16, 2007, and which consisted of four pages and the "Warrant For [Plaintiff's] Arrest" filed on October 29, 2009. The Warrant For [Plaintiff's] Arrest directly references the "Return Warrant," at the bottom of the page. See Exhibit 1.

    15.    On November 23, 2015, the FOIA/PA Unit sent Plaintiff a second letter stating that the Criminal Division had located an additional responsive document related to his FOIA requests. Attached to the letter, Plaintiff was given a copy of the "List of Indictment Return Grand Jury Sworn In On November 3, 2006 [-] Grand Jury 06-3" which was dated March 16, 2007 and consisted of two pages. See Exhibit 2.

---

[4] A search of NDDS Criminal Division records failed to locate this information.

[5] A search of NDDS Criminal Division records failed to locate this information.

16. On December 18, 2015, the FOIA/PA Unit sent Plaintiff a third letter stating that the Criminal Division had located an additional responsive document related to his FOIA requests. Attached to the letter, Plaintiff was provided with a copy of the "PLEA AGREEMENT in United States v. Hugo Barrera-Cavazos, Criminal No. H-06-422-S1-02, USDC-Southern District of Texas, Houston Division," which was filed on May 26, 2009 and consists of thirteen pages. The plea agreement document is information which is publicly available on the PACER Case Locator. *See* Exhibit 3.

### Explanation of Withheld Material

17. Attached to this declaration is a Vaughn Index containing a detailed description of Documents One through Four, which consist of four separate plea agreements, totaling fifty-six pages of records, which have been withheld in full in response to Plaintiff's FOIA request. Documents One through Four were filed under seal and are not publicly accessible court records viewable on the PACER Case Locator. The Vaughn Index describes the responsive documents at issue, including such information as the date, author/recipient, subject and the general content of the material, provides the number of pages for each document, and identifies the applicable exemptions. *See* Exhibit 4.

### The Privacy Act

18. The Criminal Division processes all requests made by individuals for records pertaining to themselves under both the FOIA and the PA in order to provide the requester with the maximum disclosure authorized by law. The Criminal Division Case Files pertaining to United States v. Christian Borda, *et. al.*, CR-07-065(GK) are contained in a Privacy Act System of Records. The Attorney General has promulgated rules exempting these records from the Privacy Act's access provisions as authorized by 5 U.S.C. § 552a(j)(2), which appear at 28

C.F.R. §16.81. Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principle function any activity pertaining to the enforcement of criminal laws. The Criminal Division is tasked with the enforcement of federal criminal law and related statutes. The responsive case file pertains to the criminal prosecution of Mr. Borda and other individuals, and was compiled for criminal law enforcement purposes by the Criminal Division, which performs as their principle function activities related to the enforcement of federal criminal law and related statutes. Accordingly, the withheld records are exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). For this reason, the Criminal Division next reviewed the records under the provisions of the FOIA.

### FOIA EXEMPTION (b)(7)(C) – PERSONAL INFORMATION IN LAW ENFORCEMENT RECORDS THE DISCLOSURE OF WHICH COULD REASONABLY BE EXPECTED TO CONSTITUTE AN UNWARRANTED INVASION OF PERSONAL PRIVACY

19. The Criminal Division is withholding third-party information contained in Documents One through Four which consist of separate plea agreements filed under seal, and further relate to persons who later testified as witnesses on behalf of the Government in United States v. Christian Borda, et. al., CR-07-065(GK), pursuant to FOIA Exemption (b)(7)(C) because the records were compiled for law enforcement purposes and disclosure of that information could reasonably be expected to constitute an unwarranted invasion of personal privacy. Before an agency can invoke any of the harms enumerated in Exemption 7, it must first demonstrate that the records or information at issue were compiled for law enforcement purposes. As previously noted, the Criminal Division is tasked with the enforcement of federal criminal law and related statutes. Under this authority, the responsive records were compiled for the following specific law enforcement purpose. Specifically, these files were compiled during

the Criminal Division's investigation, indictment and prosecution of the Plaintiff for federal criminal narcotics charges. Thus, these records were compiled for a law enforcement purposes; and they squarely fall within the law enforcement duties of the Criminal Division; therefore, the information readily meets the threshold requirement of Exemption (b)(7)(C).

20. FOIA Exemption (b)(7)(C) protects personal information in criminal law enforcement records whose disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Individuals – whether targets, suspects, or witnesses – have a strong interest in not being unfairly associated publicly with alleged criminal activity. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. Similarly, public identification of law enforcement personnel, prosecutors, and the non-supervisory officials involved in the Criminal Division's internal review process could subject them to harassment both in the conduct of their official duties and their private lives. Accordingly, the Criminal Division has recognized that these individuals also have a substantial privacy interest in avoiding disclosure of their personal information in the requested documents.

21. The FOIA requires that, once a substantial privacy interest has been identified, it must be balanced against the magnitude of any recognized public interest that would be served by the disclosure. Plaintiff has not identified a recognized public interest, and the Criminal Division is not aware of any. The proper focus of the balancing process is the nature of the requested documents and their relationship to the statutory purpose to open agency action to the light of public scrutiny. Disclosure of the personal information described in Documents One through Four would not shed light on the performance of the Criminal Division's statutory duties. Plaintiff's private need for the information in his criminal prosecution is not relevant to

the balancing process. Accordingly, the Criminal Division concluded that, on balance, the individuals' privacy interests substantially outweighed any purported public interest in the disclosure of the information.

## FOIA EXEMPTION (b)(6) – PERSONAL INFORMATION ABOUT THIRD PARTIES

22.     The Criminal Division is also withholding third-party information contained in Documents One through Four because the disclosure of that information would constitute a clearly unwarranted invasion of the personal privacy of individuals. Documents One through Four are separate plea agreements filed under seal and entered into by criminal defendants, and involve persons who later testified as witnesses on behalf of the Government in Plaintiff's prosecution in United States v. Christian Borda, et. al., CR-07-065(GK).

23.     FOIA Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." As a threshold matter, Criminal Division records containing the protected information constitute "similar files" within the meaning of FOIA Exemption (b)(6) because they pertain to particular individuals, i.e., the law enforcement personnel and private persons involved in the criminal trial and prosecution of Plaintiff.

24.     As explained in paragraph 16 above concerning the balancing process, there is no substantial public interest in the disclosure of the information Plaintiff is seeking. As a result, there is no public interest to be balanced against the important privacy interests of individuals. Accordingly, public access to personal information about the individuals described above would violate their substantial privacy interest in controlling information concerning their persons.

## EXEMPTION (b)(7)(D) -- CONFIDENTIAL SOURCE INFORMATION

25.     5 U.S.C. § 552 (b)(7)(D) protects from disclosure:

> Records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source, including a state, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

26.     The Criminal Division and United States Attorney's Offices routinely relies on individuals to assist, cooperate with, and provide information to law enforcement. In order to obtain critical law enforcement information, such individuals must be free to furnish that information with complete candor and without the fear of reprisal. A primary purpose of FOIA Exemption (b)(7)(D) is to enable individuals who provide information to law enforcement agencies to be free to furnish that information with complete candor and without withholding some of the information due to fear that their names or their cooperation with law enforcement will later be made public. FOIA Exemption (b)(7)(D) protects individuals who provide information to law enforcement by not disclosing their assistance and identities. The release of the identity of an individual source who has been assured confidentiality would most likely eliminate that source as a future means of obtaining necessary law enforcement information, and could subject them to a real risk of physical harm, harassment, and intimidation. In addition, when the identity of one individual source is revealed, that may have a chilling effect on the activities and cooperation of other individual sources, in not only this case but in future cases as well.

### Names, Identifying Information, and/or Information Provided Under Implied Assurances of Confidentiality

27.     Exemption (b)(7)(D) has been asserted, in conjunction with Exemptions (b)(6) and (b)(7)(C) to protect the names and/or identifying information about cooperating individuals

who have provided information to the government under *implied* assurances of confidentiality during the course of the government's investigation, indictment and trial of Plaintiff for Federal narcotics offenses. Exemption (b)(7)(D) has also been asserted to protect the information an individual provided to the Government under implied assurances of confidentiality. The individuals identified in Documents One through Four provided specific and detailed information that is singular in nature about the matters set forth in the investigation, indictment and trial of Plaintiff. The disclosure of their identities could have disastrous consequences. Given the nature of the offenses committed by Plaintiff as set forth by the indictment, the government has legitimate cause to conclude that the disclosure of the identity of a cooperating individual could subject them to reprisal and have a chilling effect on future cooperation by them in this or other cases. These individuals provided information of value to the Government in relation to the investigation, indictment and trial of Plaintiff, and in doing so, have placed themselves in harm's way should their cooperation with/participation in the investigation, indictment and trial of Plaintiff become publicly known.

28. Documents One through Four each reference a named and/or un-named defendant's future cooperation on behalf of the Government in all trials or other court proceedings deemed relevant by the Department of Justice. Such trials and court proceedings also involved the Government's prosecution of Plaintiff in <u>United States v. Christian Borda, et. al.</u>, CR-07-065(GK). Accordingly, any individual who has cooperated with the investigation, indictment and trial of Plaintiff under an implied assurance of confidentiality, as well as any testimony they provided in connection therewith, is entitled to protection, and the Criminal Division has properly invoked Exemption (b)(7)(D) in conjunction with Exemptions (b)(6) and (b)(7)(C), to protect this information.

## Segregability of Non-Exempt Information

29. All of the withheld records fall within the exemptions set forth above and are not segregable without revealing the protected information. Documents One through Four have been withheld in their entirety because no meaningful portion of the documents could be released without triggering forseeable harm to one or more of the interests protected by the cited FOIA exemptions.

## CONCLUSION

30. As discussed above, the Criminal Division has searched for and processed all responsive records to Plaintiff's FOIA request. Certain records identified as Documents One through Four, which consist of four separate plea agreements are protected from disclosure by FOIA Exemptions (b)(6), (b)(7)(C) and (b)(7)(D). The Criminal Division has reviewed these records and determined that there are no reasonably segregable non-exempt portions that can be released. The attached Vaughn index, *see* Exhibit 4, describes the relevant information in the responsive records and the basis for the invoked exemptions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5TH day of January, 2016.

John E. Cunningham III